IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CEREMONY OF ROSES ACQUISITION LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:26-cv-1704 |
| vs. | § § | |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND LANHAM ACT VIOLATIONS**

Plaintiff, Ceremony of Roses Acquisition LLC, by its attorneys, files this complaint against defendants, alleging as follows:

**Jurisdiction and Venue**

1.  This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**Parties**

2.  Plaintiff Ceremony of Roses Acquisition LLC ("Plaintiff") is a Delaware Limited Liability Company with its principal place of business in New York, New York.

3.  Defendant John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

1

4. Upon information and belief, the individual defendants and XYZ Company through its agents, servants and employees, will be present in and about the Western District of Texas, San Antonio in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are hereinafter referred to collectively as "Defendants."

## The Background of the Action

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The artist known as "ZACH BRYAN" (the "Artist") is the trademark used by this well-known and popular performer in connection with his performing, merchandising, recording and other related goods in all aspects of the entertainment industry and to distinguish his services and goods from all other such artists.

8. The Artist has obtained United States Federal Registrations for his "ZACH BRYAN" trademark:  Registration No. 7468555 for use in connection with International Class ("IC")  025 clothing; Registration No. 7541092 for use in connection with IC 041, entertainment services; and Registration No. 7468545 for use in connection with IC 009, sound recordings, among other goods and services.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist and his tour (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's present United States tour (the "Tour").

10. The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks merchandise, including T-shirts and other apparel.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums, and has been seen and heard in concert by millions of popular music enthusiasts.

12. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13. On March 21, 2026 at The Alamodome in San Antonio, Texas, the Artist will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold before, during and after all concerts on the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Defendants, also known as "Bootleggers," will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the

Concert, before, during and after the performance, and at subsequent concerts during the Tour. The Tour has just begun and so have the Defendants' infringing activities.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that Infringing Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures Artist and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. Defendants' use of the Artist's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Artist's/ Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20.     Plaintiff realleges each allegation set forth in the paragraphs above.

21.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22.     Plaintiff realleges each allegation set forth in the paragraphs above.

23.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

### Prayer for Relief

WHEREFORE, plaintiff, Ceremony of Roses Acquisition LLC seeks relief against Defendants as follows:

A.      As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Artist or any colorable variation or imitation thereof; and 2) representing that any

products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's order.

      B.      As to All Claims For Relief, that the United States Marshal, the local and state police or sheriff, off duty officers of the same, and/or any persons acting under their supervision be permitted to seize all Infringing Merchandise which Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the places at which the Artist is performing, whether this occurs before, during or after the performances on the Tour.

      C.      That Defendants deliver up for destruction the Infringing Merchandise.

      D.      As to All Claims For Relief, that Defendants pay Plaintiff damages in an amount to be determined.

      E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: March 16, 2026            Respectfully Submitted,

                                        DYKEMA GOSSETT PLLC
                                        112 E. Pecan Street, Suite 1800
                                        San Antonio, Texas  78205
                                        (210) 554-5500 (Phone)
                                        (210) 226-8395 (Fax)
                                        By:  */s/ J. Daniel Harkins*
                                                J. Daniel Harkins
                                                dharkins@dykema.com
                                                Texas Bar No. 09008990

                                        MIMS, KAPLAN, BURNS & GARRETSON
                                        Cara R. Burns (PHV to be requested)
                                        cburns@hmkblawyers.com
                                        CA State Bar No. 137557
                                        28202 Cabot Road, Ste 300, Laguna Niguel, CA 92677
                                        (310) 314-1721 (Phone)/(949) 340-9737 (Fax)

                                        Attorneys for Plaintiff
                                        Ceremony of Roses Acquisition LLC